UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

AOL INC.,

                      Plaintiff,

      -v-

DIGITAL DELIVERY NETWORKS, INC.,

                      Defendant.

------------------------------------- x

MEMORANDUM OPINION AND ORDER

15-cv-06620 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

On November 23, 2015, this Court granted a default judgment to Plaintiff. (Order, (ECF No. 25).) It then referred the matter to Magistrate Judge Kevin Nathanial Fox for an inquest on damages, interest, attorneys' fees, costs and disbursements. (*Id.*; Order Referring Case to Magistrate Judge, (ECF No. 26).) On April 29, 2016, Magistrate Judge Fox issued a Report and Recommendation including findings of fact and conclusions of law, and recommending that Plaintiff be awarded: (1) a permanent injunction requiring the Defendant to remove Plaintiff's trademarks from its website and any other promotional materials on which the Plaintiff's trademarks are displayed and barring the Defendant from displaying or otherwise using Plaintiff's trademarks in the future without Plaintiff's consent; (2) $225,000 in contractual damages; and (3) $400 in costs. (Report and Recommendation ("Report"), (ECF No. 35), at 11.) Magistrate Judge Fox further recommended that Plaintiff be awarded prejudgment interest to be calculated by the Clerk of Court in accordance with CPLR § 5001, and that no award of attorney fees be made to Plaintiff. (*Id.*) The Report advised that failure to object within fourteen days would preclude appellate review. (*Id.* at 11-12.) Neither party objected.

Courts "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the Report without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000). No such error appears here. This Court adopts the findings of fact, conclusions of law, and recommendation set forth in the Report in their entirety.

The Report concluded that injunctive relief was appropriate because Plaintiff demonstrated actual success on the merits based on Defendant's default, and irreparable injury based on the likelihood that consumers would be misled or confused by Defendant's use of Plaintiff's marks on its website. (Report at 5-6.) The Report also concluded that Plaintiff should be awarded $225,000 in contractual damages because Plaintiff had demonstrated that it: (1) entered into an agreement with Defendant, (2) performed under the agreement by paying Defendant $225,000, (3) Defendant breached the agreement by failing to return the $225,000 within ten days of Plaintiff's demand as set forth in the agreement, and (4) Plaintiff suffered damages in the amount of $225,000, which was the amount Defendant had failed to refund. (*Id.* at 7-8.) The Report further recommended prejudgment interest because New York law provides for prejudgment interest as a matter of right

for contract damages. (*Id.* at 8-9.) Finally, the Report recommended that attorneys' fees not be awarded because Plaintiff failed to include any evidence concerning the identities, experience, reputation and abilities of the attorneys who provided legal services in connection with this litigation, nor any information concerning the attorneys' customary hourly rates or how those rates compare with the hourly rates charged by attorneys of comparable knowledge and skill as required by New York law. (*Id.* at 9-10.) Nevertheless, the Report recommended that Plaintiff be awarded $400, the amount it paid in filing fees to commence this action, because such an award is reasonable and warranted. (*Id.* at 11.)

## CONCLUSION

This Court adopts the Report's recommendation to award Plaintiff: (1) a permanent injunction requiring the Defendant to remove Plaintiff's trademarks from its website and any other promotional materials on which the Plaintiff's trademarks are displayed, and barring the Defendant from displaying or otherwise using Plaintiff's trademarks in the future without Plaintiff's consent; (2) $225,000 in contractual damages; and (3) $400 in costs. Additionally, this Court awards Plaintiff prejudgment interest to be calculated by the Clerk of Court in accordance with CPLR § 5001.

The Clerk of Court is directed to close the above-captioned action.

Dated: May 17, 2016
      New York, New York

SO ORDERED.

*/s/ George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE